# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-557V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*
                                         \*

| | |
|---|---|
| ASHLEY WALLS AND KEVIN WALLS, *parents of* K.W., *a minor* | \* <br> \* <br> \* Filed: March 16, 2022 |
| Petitioners, | \* <br> \* Decision by Stipulation; Damages; <br> \* Immune Thrombocytopenia Purpura |
| v. | \* ("ITP"); Diphtheria-Tetanus-acellular- <br> \* Pertussis ("DTaP") vaccine; Haemophiles |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* Influenzae ("Hib") vaccine; Hepatitis B <br> \* ("Hep B") vaccine; pneumococcal |
| Respondent. | \* ("PCV") vaccine <br> \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald C. Homer*, Conway, Homer, P.C., Boston Ma, for Petitioner
*Colleen C. Hartley*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION ON JOINT STIPULATION[1]

On May 9, 2016, Kevin and Ashley Walls ("Petitioners") filed a petition on behalf of their minor son, K.W., seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioners alleged that K.W. suffered from immune thrombocytopenia purpura ("ITP") as a result of the Diphtheria-Tetanus-acellular-Pertussis ("DTaP"), haemophiles influenzae ("Hib"), Hepatitis B ("Hep B"), and/or the pneumococcal

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

("PCV") vaccines he received on July 16, 2014. *See* Stipulation ¶ 1, 2, dated March 15, 2022 (ECF No. 103); *see also* Petition.

On June 23, 2020, I issued a Ruling on Entitlement finding that Petitioners have met their burden in showing that the vaccinations K.W. received on July 16, 2014 caused him to develop ITP, and that he suffered from the residual effects of this injury for more than six months. *See* Stipulation ¶ 1, 2. Accordingly, the parties agree that "Petitioners are entitled to compensation under the terms of the Vaccine Program for K.W.'s ITP injury." *Id.* at ¶ 5.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

1. A lump sum of **$3,719.10**, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to Petitioners; and

2. An amount sufficient to purchase the annuity contract described in ¶ 10 of the Stipulation.

Accordingly, pursuant to 42 U.S.C. § 300aa-15(f)(4), I order respondent to purchase, and take sole and exclusive ownership of an annuity contract,[3] as described below:

The Life Insurance Company must meet the following criteria:

1. Have a minimum of $250,000,000 of capital and surplus, exclusive of any mandatory security valuation reserve; and

2. have one of the following ratings from two of the following rating organizations:
   a)  A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
   b) Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
   c) Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
   d) Fitch Credit Rating Company, Insurance Company Claims-Paying Ability Rating: AA-, AA, AA+, or AAA.

The parties have agreed that the Life Insurance Company will make the following payment to K.W.:

a. On March 29, 2031, a certain lump sum payment of **$40,772.11**.

Stip. ¶ 10. The parties have also stipulated that the periodic payments set forth above may be provided to Petitioner in monthly, quarterly, annual, or other installments. The annual amounts set

---

[3] To satisfy the conditions set forth herein, in respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

forth above describe only the total yearly sum to be paid to Petitioners and do not require that the payment be made in one annual installment. *Id.*

Should K.W. predecease the payment of the certain lump sum set forth above, the certain lump sum payment shall be made to his estate. Stip. ¶ 10. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Tawnya Montano's death. *Id.*

Petitioners represent that they presently are, or if necessary, will become, duly authorized to serve as guardians of K.W.'s estate under the laws of West Virginia. Stip. ¶ 16. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of K.W. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d) and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h). Stip. ¶ 15.

This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

ASHLEY WALLS and KEVIN WALLS,   )
parents of K.W., a minor,        )
                                 )
          Petitioners,           )        No. 16-557V
                                 )        Special Master Oler
     v.                          )        ECF
                                 )
                                 )
SECRETARY OF HEALTH              )
AND HUMAN SERVICES,              )
                                 )
          Respondent.            )
                                 )

STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, K.W., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to K.W.'s receipt of the Diphtheria-Tetanus-acellular-Pertussis ("DTaP"), haemophilus influenzae ("Hib"), Hepatitis B ("Hep B"), and pneumococcal ("PCV") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. K.W. received the DTaP, Hib, Hep B, and PCV vaccines on July 16, 2014.

3. The vaccines were administered within the United States.

4. In her Ruling on Entitlement, filed June 23, 2020, the special master found that petitioners have met their burden in showing that the vaccinations K.W. received on July 16, 2014, caused him to develop immune thrombocytopenia purpura ("ITP"), and that he suffered the residual effects of this injury for more than six months.

1

5. The special master found that there is not a preponderance of the evidence demonstrating that K.W.'s ITP and its residual effects were due to a factor unrelated to his vaccinations on July 16, 2014.

6. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of K.W. as a result of his condition.

7. Accordingly, petitioners are entitled to compensation under the terms of the Vaccine Program for K.W.'s ITP injury. Therefore, a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $3,719.10, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Ashley Walls and Kevin Walls;

b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.     A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b.     Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

2

      c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

      d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of K.W., pursuant to which the Life Insurance Company will agree to make a certain lump sum payment to K.W. for damages available under 42 U.S.C. §300aa-15(a), as follows:

On March 29, 2031, a certain lump sum payment of $40,772.11.

The payment provided for in this paragraph 10 shall be made as set forth above. Should K.W. predecease the payment of the certain lump sum set forth above, the certain lump sum payment shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of K.W.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amount set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payment. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to

3

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of K.W. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or if necessary will become, duly authorized to serve as guardians of K.W.'s estate under the laws of West Virginia.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of K.W., on behalf of themselves, K.W., and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and

4

Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of K.W. resulting from, or alleged to have resulted from, the vaccinations administered on July 16, 2014, as alleged by petitioners in a petition for vaccine compensation filed on or about May 9, 2016, in the United States Court of Federal Claims as petition No. 16-557V.

18. If K.W. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

5

21. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines caused K.W. to suffer ITP or any other injury or condition.

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of K.W.

### END OF STIPULATION

6

Respectfully submitted,

**PETITIONER:**

ASHLEY WALLS

**PETITIONER:**

KEVIN WALLS

**ATTORNEY OF RECORD FOR PETITIONERS:**

RONALD C. HOMER, ESQ.
LAUREN E. FAGA, ESQ. *Rule 83.1(c)(2)*
Conway Homer PC
16 Shawmut Street
Boston, MA 02116
Tel: (617) 695-1990

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Dale Mishler, DHSc, MS, APRN, for*
CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 03/15/2022

**AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Colleen C Hartley by Heather L Pearl*
COLLEEN C. HARTLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: 202-616-3644
Email: colleen.hartley@usdoj.gov

7