# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 11, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | UNPUBLISHED |
| ASHLEY WALLS *and* KEVIN WALLS, *parents of* K.W., *a minor*, | * * * | |
| Petitioners, | * * | No. 16-557V |
| | * | Special Master Oler |
| v. | * * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioners.
*Colleen C. Hartley*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 9, 2016, Ashley and Kevin Walls ("Petitioners") filed a petition for compensation on behalf of their minor child, K.W., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioners alleged that K.W. suffered from immune thrombocytopenia purpura as a result of the diphtheria-tetanus-acellular pertussis, haemophiles influenzae, Hepatitis B, and/or pneumococcal vaccinations he received on July 16, 2014. *See* Petition (ECF No. 1). On March 15, 2022, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on March 16, 2022. (ECF No. 104).

On July 12, 2022, Petitioners filed an application for final attorneys' fees and costs. (ECF No. 112) ("Fees App."). Petitioners request total attorneys' fees and costs in the amount of

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$85,016.22, representing $67,855.30 in attorneys' fees and $17,160.92 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioners state that they have personally incurred costs totaling $264.07 related to this litigation. *Id*. Respondent responded to the motion on July 12, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2 (ECF No. 111). Petitioners did not file a reply thereafter.

This matter is now ripe for consideration.

I.     **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioners were awarded compensation pursuant to the Court's Ruling on Entitlement and subsequent stipulation, they are entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   a.   **Reasonable Hourly Rates**

The undersigned has reviewed the rates requested by Petitioners for the work of their counsel at Conway, Homer, P.C. (the billing records indicate that the majority of attorney work was performed by Ms. Lauren Faga, with supporting work from Mr. Ronald Homer, Ms. Meredith Daniels, Ms. Christina Ciampolillo, and Mr. Joseph Pepper). The rates requested for these are attorneys are consistent with what they have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

   b.   **Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the majority of the hours billed to be reasonable. However, a small amount must be reduced for attorney time billed for review of status reports prepared by other attorneys. The undersigned notes that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time the undersigned or other special masters have noted this particular issue concerning Conway, Homer P.C. billing practices. *See, e.g., Manetta v. Sec'y of Health & Human Servs.,* No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2020); *Lyons v. Sec'y of Health & Human Servs.*, No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020). A reduction of $1,100.00 shall be made to address this issue.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioners request a total of $17,160.92 in attorneys' costs. Fees App. at 39-40. This amount is comprised of acquiring medical records, the Court's filing fee, postage, travel costs to meet with Petitioners, and work performed by a medical expert, Dr. Edward Forman. Petitioners have provided adequate documentation supporting these costs and they are reasonable in the undersigned's experience.

### d. Petitioners' Costs

Pursuant to General Order No. 9, Petitioners have indicated that they have personally incurred costs totaling $264.07. This amount is comprised of acquiring medical records and postage. Petitioners have provided adequate documentation supporting the requested costs and they are all reasonable in the undersigned's experience.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioners' request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioners and their counsel as follows:

| Attorneys' Fees Requested | $67,855.30 |
|---|---|

| | |
|---|---|
| (Reduction to Fees) | - ($1,100.00) |
| **Total Attorneys' Fees Awarded** | **$66,755.30** |
| | |
| Attorneys' Costs Requested | $17,160.92 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$17,160.92** |
| | |
| **Total Fees & Costs Awarded** | **$83,916.22** |
| | |
| **Petitioners' Costs** | **$264.07** |
| | |
| **Total Amount Awarded** | **$84,180.29** |

**Accordingly, the undersigned awards the following:**

1) a lump sum in the amount of **$83,916.22**, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioners and Petitioners' counsel of record, Mr. Ronald Homer; and

2) a lump sum in the amount of **$264.07**, representing reimbursement for Petitioners' costs, in the form of a check payable to Petitioners.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).